UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN G MERTZ,

                Plaintiff,                            Case No. 17-cv-10105

v.                                                          Honorable Thomas L. Ludington

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

_____/

**ORDER SUSTAINING OBJECTIONS, ADOPTING IN PART REPORT AND RECOMMENDATION, GRANTING DEFEDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DISMISSING COMPLAINT**

On January 12, 2017, Plaintiff John G. Mertz filed a complaint against the Social Security Administration. ECF No. 1. In the complaint, Mertz sought the production of "agency records and information pertaining to Plaintiff that Defendant has improperly withheld from Plaintiff," relying upon the Freedom of Information Act. Compl. at 1 (citing 5 U.S.C. § 552). All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 9. On July 17, 2017, the Social Security Administration filed a motion for summary judgment. On December 21, 2017, Judge Morris issued a report recommending that the motion for summary judgment be granted in part. ECF No. 16. Specifically, Judge Morris found that most of the requested records were properly withheld. She did, however, order the production of three records. Several weeks later, Mertz filed a motion for reconsideration wherein he expanded upon his requests and Defendant filed objections to the report and recommendation. ECF Nos. 18, 19. For the following reasons, Mertz's motion for reconsideration will be denied, Defendant's objections will be sustained, the report and

recommendation will be adopted in part, Defendant's motion for summary judgment will be granted, and the complaint will be dismissed.

**I.**

Neither party has objected to Judge Morris's summary of the factual and procedural history of the case. For that reason, that summary is adopted in full. A brief outline will be provided for clarity. According to Mertz's response to Defendant's motion for summary judgment, "Mertz was being investigated by the Internal Revenue Service in the Grand Jury in Flint." Pl. Resp. Br. at 3, ECF No. 14. Although no indictment was returned, Mertz was later investigated by the Social Security Administration. Mertz believes that "the Assistant U.S. Attorney handling the Grand Jury called the Social Security Administration and gave the Social Security Administration Grand Jury information" which lead to the Administration's investigation. *Id.* Pursuant to that investigation, the Administration sent Mertz a letter on October 22, 2015, asking whether he was engaged in substantial gainful activity, a fact which would affect his eligibility for disability benefits.

In response, Mertz sent a Freedom of Information ("FOIA") request to the Administration. In that request, Mertz sought "all documents that show and track how the Social Security Administration received bank statements from [Mertz's account] . . . [and] copies of all of those bank statements." First Letter to SSA, ECF No. 13, Ex. 2, Attachment A. Mertz has requested

> copies of all letters and or other written communications between the Social Security Administration and the Internal Revenue Service, the Department of Justice and or any other U.S. Government Agency during the time period July 2011 through the present date, regarding my Disability claims. [Mertz further requested] copies of all memos of any telephone conversations or other oral communications between the employees of the Social Security Administration and any other U.S. Government Agency during the time period July 2011 through the present date, regarding my disability claim. . . . If the Social Security Administration requested or subpoenaed records from the Internal Revenue Service or any Banks, [Mertz also requested] copies of all of those requests and or subpoenas also.

*Id.* at 1–2.

The Administration's review of its records revealed 463 responsive documents. The Administration disclosed 426 pages and withheld 37 pages. The Administration also withheld some pages in part. Mertz's present suit seeks full disclosure of all responsive documents.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

In her report and recommendation, Judge Morris found that the Administration had properly withheld all but three records. Those records—identified in the Administration's *Vaughn* Index[1] as JM-008, JM-010, and JM-011—are email exchanges. JM-008 is comprised of an email between an Administration Office of Inspector General agent and a DOJ AUSA "about status of Mertz investigation" and a second email "between another federal agency and DOJ" providing a case update. *Vaughn* Index at 5, ECF No. 19, Ex. 3, Attachment F. JM-010 contains an email between an Administration Office of Inspector General agent "and another federal employee dated 7/21/2014, providing contact details/methods." *Id.* JM-011 contains emails between the Administration and "DOJ dated 7/15/14 relating to case developments." *Id.* at 6. JM-011 contains names and contact information of government employees. *Id.*

Judge Morris's analysis of JM-008, JM-010, and JM-011 focused on whether those documents fell within a particular exception to FOIA disclosure requirements. Exemption 5, found at 5 U.S.C. § 552(b)(5), specifies that government agencies are not required to provide "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." If certain documents are covered by attorney-client privilege, then they would not be ordinarily available to a party in litigation with the agency and are protected from disclosure. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532

---

[1] *Vaughn* Indexes are tools used by federal agencies responding to FOIA requests to describe responsive documents and indicate why redactions or withholdings are appropriate.

U.S. 1, 8 (2001). The elements of attorney client privilege have been articulated by the Sixth Circuit as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998).

Judge Morris indicated that a number of the documents which the Administration was withholding pursuant to Exemption 5 involved "an email conversation between at least one DOJ Assistant United States Attorney and one SSA employee." Rep. & Rec. at 8. She concluded that those email conversations were covered by attorney-client privilege.

However, Judge Morris noted that the second email in JM-008 was not described as involving a DOJ AUSA. Similarly, the email conversation in JM-010 involved an Administration employee and "another federal employee," while JM-011 involved emails between the Administration and DOJ, but not specifically with an AUSA. *Vaughn* Index at 5–6. She concluded that the *Vaughn* entries for these email conversations lacked "a crucial element" for attorney-client privilege. Rep. & Rec. at 10. Specifically, "[n]owhere does the SSA indicate that either the sender or recipient of any of these items was a professional legal advisor acting in his or her official capacity, or even an agent of a professional legal advisor." *Id.* For that reason, Judge Morris directed the Administration to produce JM-008, JM-010, and JM-011. The Administration's objections focus on those three records.

**A.**

The Administration advances two objections. First, the Administration argues that JM-008 and JM-011[2] did, in fact, involve emails to and from Department of Justice attorneys. Accordingly, the Administration argues that those email conversations are subject to attorney-client privilege. Second, the Administration argues that, in the *Vaughn* Index, it also relies on other exemptions for these three records. Judge Morris analyzed the withholding of the three records only under Exemption 5, but the Administration also argued that they were properly withheld under Exemption 6 and 7(C).

As to the first argument, the Administration's clarification is sufficient to demonstrate that JM-008 and JM-011 are covered by Exemption 5. As Judge Morris noted, the summary and context of the *Vaughn* Index entries for JM-008, JM-010, and JM-011 reflect that the emails involved advice, or at least investigation into the underlying facts, made in confidence. The element of attorney-client privilege which Judge Morris found was not met was the participation of a professional legal advisor. The Administration has now clarified that, for JM-008 and JM-011, the emails were between an Administration employee and a Department of Justice attorney. Thus, all the elements of attorney-client privilege are met. Because these email chains would not be discoverable in the ordinary course of litigation, they are covered by Exemption 5.

The Administration admits that JM-010 is not covered by attorney-client privilege. But they argue that this email conversation is covered by other exemptions. The Administration indicated their reliance on Exemptions 6 and 7(C) in the *Vaughn* Index, but Judge Morris did not consider whether those exemptions were applicable.

---

[2] The Administration indicates in its response that it is withdrawing its assertion that JM-010 is subject to attorney-client privilege. Def. Objs. at 6.

Exemption 6, codified at 5 U.S.C. § 552(b)(6), exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" from FOIA disclosure obligations. Exemption 7(C), codified at § 552(b)(7)(C), exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

The Sixth Circuit has "adopted a per se rule under which any documents compiled by a law enforcement agency fall within the first part of the section 552(b)(7) exception." *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001). Exemption 6 establishes a "two-prong inquiry: (1) whether the file includes personnel, medical, or 'similar' data; and (2) if so, whether disclosure constitutes a 'clearly unwarranted' invasion of privacy." *Id.* at 550. Importantly, the Sixth Circuit has held that "[a] clear privacy interest exists with respect to such information as names, addresses, and other identifying information even where such information is already publicly available." *Id.* The Sixth Circuit has explained that Exemption 6 and 7(C) are analyzed under "similar" balancing tests. *Id.* at 551.

In the report and recommendation, Judge Morris rejected Mertz's argument that releasing personnel information does not constitute an invasion of a clear privacy interest:

> Mertz has failed to raise more than a specter of government impropriety. On the other hand, the SSA argues convincingly that disclosure of the withheld names and personal information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). As *Ray* stated, "Mere speculation about hypothetical public benefits cannot outweigh a demonstrably significant invasion of privacy." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 179 (1991). I therefore suggest the Court should find that the SSA's withholdings under FOIA's Exemptions 6 and 7(C) were authorized.

Rep. & Rec. at 18.

Mertz has not objected to this conclusion. Judge Morris's reasoning applies with equal force to JM-010. She recommended that the Administration be required to produce JM-010 because she overlooked the Administration partial reliance on Exemption 6 and 7(C), not because she concluded those exemptions were inapplicable. To the contrary, her analysis makes clear that those Exemptions apply to JM-010. Judge Morris is correct: the Administration should not be compelled to produce emails which "provid[e] contact details/methods" for government employees because doing so would constitute an unwarranted invasion of personal privacy. *Vaughn* Index at 5.

In his opposition to the Administration's objections, Mertz admits that the Exemptions relied upon may apply. He simply asserts that the Court should examine the documents *in camera* to determine whether Exemptions apply and whether the documents may be released in redacted form. But Judge Morris addressed Mertz's argument that the withheld records should be produced, at least, in redacted form. *See* Rep. & Rec. at 23–24.[3] She concluded that the Administration had "sufficiently explained its segregability determinations." *Id.* at 24. Mertz has declined to seek review of that conclusion, and the Court will not sua sponte disturb Judge Morris's well-reasoned analysis.

In short, the Administration has now provided additional information which demonstrates that JM-008 and JM-011 are covered by Exemption 5. Additionally, Judge Morris's rationale regarding Exemptions 6 and 7(C) is applicable to JM-010. Although Judge Morris recommended that the Administration be compelled to produce JM-010, that recommendation appears to stem from an oversight regarding the documents for which the Administration was relying on Exemptions 6 and 7(C). That oversight will be corrected. Accordingly, Defendants' objections will

---

[3] She also explained why the Administration's affidavits were a sufficient, and preferable, alternative to *in camera* review. *See* Rep. & Rec. at 11.

be sustained, the report and recommendation will be adopted in part, and the motion for summary judgment will be granted.

**B.**

Mertz has filed a motion styled as, alternatively, objections to the report and recommendation or a motion for reconsideration of the Magistrate Judge's decision. ECF No. 18. The focus of this motion is reports prepared by the Office of Inspector General of the Social Security Administration. *See* Zimmerman Decl. at 5–6, ECF No. 13, Ex. 2. The Administration asserted that Exemption 7(A) applied to those records "because disclosure could 'reasonably be expected to interfere with enforcement proceedings.'" *Id.* (quoting 5 U.S.C. § 552(b)(7)(A)). In the report and recommendation, Judge Morris concluded that those records were exempted from FOIA disclosure obligations under Exemption 5 and 7(E) because disclosure would reveal the Administration's deliberative decisionmaking process and its law enforcement techniques.

In the motion for reconsideration, Mertz explains that he has recently discovered that those Office of the Inspector General's reports have been provided to the Social Security Administrative Law Judge ("ALJ") in Mertz's ongoing disability dispute. He argues that, by providing reports to the ALJ which the Administration previously refused to produce, the Administration has effectively waived its objections to disclosures for those reports. In response, the Administration states: "On information and belief, those materials have now been provided to Mr. Mertz, as part of his disability proceeding. In addition, because those materials were responsive to his original FOIA/PA request, the SSA has also now provided them separately, as a supplemental response to that request." Def. Resp. Mot. Recon. at 2, ECF No. 22.

Both Plaintiff's original complaint and the motion for reconsideration seek only injunctive relief: Mertz wants the identified records. He has now been twice provided the reports of the Office

of the Inspector General. Accordingly, his request for injunctive relief as to those documents is moot. In conjunction with the fact that Mertz declined to object to any specific portion of the Magistrate Judge's report and recommendation, the Administration's production of the Office of the Inspector General reports has satisfied its obligations to Mertz. The motion for reconsideration will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Defendant's objections to the report and recommendation, ECF No. 19, are **SUSTAINED.**

It is further **ORDERED** that the report and recommendation, ECF No. 16, is **ADOPTED in part.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 13, is **GRANTED.**

It is further **ORDERED** that Plaintiff Mertz's motion for reconsideration, ECF No. 18, is **DENIED as moot.**

It is further **ORDERED** that Plaintiff Mertz's complaint, ECF No. 1, is **DISMISSED.**

Dated: March 26, 2018
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager